UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHRISTOPHER BURNS, Booking #20906010,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LIEUTENANT KEVIN TOTH; DETECTIVE MAYFIELD; DIANA PROVOST; SAN DIEGO UNION TRIBUNE,<br><br>　　　　　　　　　　Defendants. | Case No.:  22cv268-LL-DEB<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Plaintiff John Christopher Burns, currently detained at the George Bailey Detention Facility ("GBDF") located in San Diego, California, and awaiting trial in San Diego Superior Court Criminal Case No. SCN410155, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] *See* Compl., ECF No. 1 at 1. In his Complaint,

---

[1] According to the San Diego County Sheriff's Department website, Plaintiff is currently facing a count of murder in the second degree in violation of Cal. Penal Code § 187(a) in San Diego Superior Court

1  Plaintiff alleged that employees of the Escondido Police Department and the San Diego
2  Union Tribune newspaper have violated his constitutional rights. *See id*. at 3-5. In addition,
3  Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). *See* ECF No. 2.

## II. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, § 1915(a)(2) requires that all prisoners as defined by 28 U.S.C. § 1915(h) who "seek[] to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ...

---

Criminal Case No. SCN410155. *See* https://apps.sdsheriff.net/wij/ (last accessed April 12, 2022); *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator); *Graham v. Los Angeles Cty.*, No. 2:18-CV-01126-PA(GJS), 2018 WL 6137155, at *2 (C.D. Cal. May 4, 2018) (taking judicial notice pursuant to Fed. R. Civ. P. 201 of County Sheriff Department's website and its inmate locator function, "which provides some information regarding the status of inmates housed in … County jail[]" for purposes of initial screening pursuant to 28 U.S.C. § 1915A).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 2020). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

In support of his IFP Motion, Plaintiff has submitted a prison certificate certified by a San Diego County Sheriff's Department Detentions Facility Commander. *See* ECF No. 2 at 5; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff average monthly deposits of $.02, and carried an average balance of $41.13 in his account over the preceding six-months. *See* ECF No. 2 at 5.

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $8.23 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court will direct the Watch Commander at GBDF, or their designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by whichever agency has custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.   Screening pursuant to 28 U.S.C. § 1915(e)(2) & 1915A

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

4

22cv268-LL-DEB

B.     Plaintiff's Allegations

Plaintiff alleges that on January 29, 2020 and January 30, 2020, Defendant Lieutenant Kevin Toth ("Toth") "made false and misleading claims to the San Diego Union Tribune and several other media outlets concerning the events leading up to and during the crime [Plaintiff] has been convicted of." Compl. at 3. He further claims that these statements purportedly made by Toth were "very harmful as [his] face is covered in tattoos and was on T.V. and social media." *Id.*

Plaintiff further claims Defendant Detective Mayfield ("Mayfield") filed a false police report including factual allegations that were not true. *See id.* at 4. He alleges Mayfield "chose to omit facts" that would show Plaintiff was actually threatened by the victim and her reports were "shown to the jury." *Id.* Plaintiff claims that Mayfield took these actions to intentionally "mislead the jury" and were not "accidental omissions or falsifications." *Id.*

Plaintiff filed a grievance against Toth with regard to his statements to the media. *See id.* at 5. He was contacted by Defendant Diana Provost ("Provost"), an Investigator for the Escondido Police Department, purportedly to discuss the claims raised in his grievance. *See id.* However, Plaintiff claims Provost questioned him instead regarding the "murder" which he claims is "completely illegal." *Id.* Plaintiff contends that Provost admitted that the statements by Toth "in no way reflects what the video and witness accounts show to be true." *Id.*

Plaintiff seeks injunctive relief, declaratory relief, along with compensatory and punitive damages. *See id.* at 7.

C.     42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015); *see also Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)

(en banc) (noting the Court reaches the issue of defendants' § 1983 liability only if defendants acted under color of state law, and the conduct deprived plaintiff of a constitutional right).

> D. Private Parties

Plaintiff names Defendant San Diego Union Tribune, *see* Compl. at 1, but he has not alleged any facts to show this Defendant is a "person acting under color of state law." *See West*; 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (party charged with constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Private parties, entities, business organizations, or institutions do not generally act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991). In fact, section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir. 1974) ("[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."); *accord Skylstad v. Reynolds*, 248 Fed. App'x 808, 810 (9th Cir. 2007).

Therefore, because Plaintiff fails to state a claim upon which § 1983 relief can be granted as to San Diego Union Tribune, this Defendant must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

> E. *Younger* Abstention

In addition, Plaintiff may not use the Civil Rights Act, 42 U.S.C. § 1983, as a vehicle by which to enjoin ongoing state criminal proceedings. Federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances. *See Younger*, 401 U.S. at 43–54; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018);

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

A court may consider sua sponte whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Augustin v. City. of Alameda*, 234 Fed. Appx. 521 (9th Cir. 2007); *Salmons v. Oregon*, No. 1:17-CV-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017); *see also Washington v. L.A. Cnty. Sheriff's Dept.*, 833 F.3d 1048, 1058 (9th Cir. 2016) (holding that "a dismissal due to *Younger* abstention [is] similar to a dismissal under Rule 12(b)(6) for lack of subject-matter jurisdiction.").

Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

Here, Plaintiff alleges his San Diego criminal proceedings commenced in January 2020 and were still ongoing at the time he filed his Complaint.[3] *See* Compl. at 1. State proceedings are deemed ongoing until appellate review is completed. *See Gilbertson*, 381 F.3d at 969 n.4 (citation omitted); *Huffman v. Pursue*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of Younger is that a party ... must exhaust his state appellate remedies before seeking relief in the District Court.").

There is no question that whatever the specific nature of Plaintiff's current criminal charges, they implicate important state interests, and "involve [the] state's interest in

---

[3] According to the San Diego County Sheriff's Department website, Plaintiff was booked into County custody in San Diego Criminal Case No. SCN410155 on January 29, 2020, but has yet to be sentenced. https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=lGhQIdbb3O33SvzMVXIXMy8n78obzkl%2b5X7lGnpOLt4%3d (last accessed April 12, 2022).

enforcing orders and judgments of its courts." *Sprint*, 571 U.S. at 73; *ReadyLink*, 754 F.3d at 759. Specifically, Plaintiff claims Defendants have presented false testimony which influenced the jury during his criminal proceedings. *See* Compl. at 3-5. These are the type of claims and relief the state courts afford an adequate opportunity to raise on direct appeal, or via a writ of mandate in the state's courts. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1095 (9th Cir. 2008).

Because "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction ... until after the jury comes in, judgment has been appealed from and the case concluded in the state courts," *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972), *Younger* abstention is required here. *ReadyLink*, 754 F.3d at 759.

Thus, for all the foregoing reasons, Plaintiff's Complaint must be dismissed sua sponte based on his failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

### F. Leave to Amend

Finally, for the reasons above, most notably the application of the *Younger* abstention doctrine, allowing leave to amend under the circumstances appears futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Ct. of Appeals for the Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Watch Commander of GBDF, or their designee, and any subsequent "agency having custody" of Plaintiff to collect from his trust account the $8.23

initial partial filing fee assessed by the Order, and to garnish the remainder of the $350 filing fee owed in this case in monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California.

4.  **DISMISSES** this civil action based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) *and* as barred by *Younger*.

5.  **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED.**

Dated: April 15, 2022

_____
Honorable Linda Lopez
United States District Judge